[No. B149529. Second Dist., Div. Seven. Jan. 16, 2002.]

In re the Marriage of DARLAINE A. and ROGER EARL THORNTON.
DARLAINE A. THORNTON BRIONES, Respondent, v.
ROGER EARL THORNTON, Appellant.

**COUNSEL**

Law Offices of Rocky L. Crabb and Rocky L. Crabb for Appellant.

Law Office of Gary W. Kearney and Gary W. Kearney for Respondent.

**OPINION**

**PERLUSS, J.**—Appellant Roger Earl Thornton (husband) appeals from a postjudgment order requiring him to continue spousal support to his former wife, respondent Darlaine A. Thornton Briones (wife), after her remarriage on March 24, 2000. Husband argues Family Code section 4337[1] terminated his spousal support obligation by operation of law upon wife's remarriage. We agree with husband and reverse the order of the trial court.

---

[1] Family Code section 4337 provides: "Except as otherwise agreed by the parties in writing, the obligation of a party under an order for the support of the other party terminates upon the death of either party or the remarriage of the other party." Unless otherwise indicated, all further statutory references are to the Family Code.

## FACTUAL AND PROCEDURAL BACKGROUND

Husband and wife were married in 1977 and separated in 1994. The parties' stipulated judgment for dissolution of marriage was filed with the court on May 14, 1997. Judgment was entered the same day. The stipulated judgment provides in part: "The Court finds that Respondent [husband] shall pay to Petitioner [wife] for her support the sum of $400.00 per month as and for spousal support, payable one-half on the first and one-half on the fifteenth day of each month, commencing May 15, 1997, and continuing until further Order of the Court, death of either party, or for a period until March 1, 2003, whichever first occurs. Said spousal support shall be non-modifiable."

Two days after judgment was entered, husband filed a motion to stay entry of judgment (the 1997 motion), supported by a declaration from his trial counsel, contending that the omission of wife's remarriage as an event terminating spousal support was inadvertent. Wife opposed the motion and filed a declaration stating, inter alia, "the terminating factor on spousal support stated only that it terminates on the death of either party, and a specified date in the year 2003, but there were no other terminating factors." Wife's declaration also stated that husband had signed the stipulated judgment without complaint, and "[t]herefore, the issue of terminating on my remarriage never came up."

For reasons not apparent from the record, the parties did not appear at the hearing on the 1997 motion, and it was taken off calendar. Husband paid spousal support pursuant to the stipulated judgment until wife remarried on March 24, 2000. Shortly after wife's remarriage, husband informed her he intended to terminate spousal support payments effective April 1, 2000. Wife objected, and husband filed an application for an order to terminate spousal support. Wife filed an opposition to the application, arguing that the parties had not intended spousal support to terminate upon her remarriage and husband had waived the provisions of section 4337.

A hearing on husband's application was held on February 21, 2001. The trial court issued its ruling on February 23, 2001, denying husband's application to terminate support and awarding attorney fees to wife. Husband filed a timely appeal.

## DISCUSSION

### 1.  *The Standard of Review*

This case requires us to construe section 4337 as it applies to the facts of this case. "[C]onstruction of a statute and its applicability to

a given situation are matters of law to be determined by the court." (*Estate of Madison* (1945) 26 Cal.2d 453, 456 [159 P.2d 630]; see also *Robinson v. Grossman* (1977) 57 Cal.App.4th 634, 642, fn. 6 [67 Cal.Rptr.2d 380] ["construction of statutes presents an issue of pure law, and thus we review the matter de novo"].)[2]

### 2. *Spousal Support Terminates Upon the Supported Spouse's Remarriage Absent a Written Agreement to the Contrary*

Section 4337 provides: "Except as otherwise agreed by the parties in writing, the obligation of a party under an order for the support of the other party terminates upon the death of either party or the remarriage of the other party." This section means what it says: A written agreement to waive its provisions must be specific and express. An agreement making support "non-modifiable" is not the same as an agreement making support non-*terminable* upon the statutorily specified events. "If the parties intend that support is to be 'non-terminable for any reason whatsoever,' they must say so in their agreement. No particular words are required. [Citation.] On the other hand, silence will not do. [Citation.] Language stating that the support is not modifiable also will not do." (*In re Marriage of Glasser* (1986) 181 Cal.App.3d 149, 151 [226 Cal.Rptr. 229] (hereinafter *Glasser*).)

### 3. *Husband Did Not Waive Section 4337 by Abandoning the 1997 Motion*

Because the parties did not agree otherwise in writing, husband contends section 4337 terminated his support obligation by operation of law upon wife's remarriage. Wife admits there was no express waiver, but argues section 4337 may be impliedly waived by conduct, as well as by a writing. She contends husband effectively waived section 4337's provision for termination of support upon remarriage by allowing the 1997 motion to be taken off calendar without obtaining a ruling. Wife's waiver-by-conduct argument is refuted by the express language of section 4337 itself, which unambiguously requires that any waiver be "agreed by the parties *in writing*." (Italics added.)

Wife also asserts that, by failing to obtain a ruling on the 1997 motion, husband intentionally "induce[d wife] to conclude his acquiescence to the support continuing after her remarriage" and should therefore be estopped from asserting his rights under section 4337 now that wife has remarried and

---

[2]The basic facts relating to the stipulated judgment and the 1997 motion are essentially undisputed. No more is necessary for us to resolve the legal issues raised regarding the applicability of section 4337. We do note that each party claims the other has misstated additional factual information in the appellate briefs. Our own review of the record indicates that neither side has taken significantly greater liberties with the facts than the other.

"been irreparably harmed." Wife's argument is unsupported by any reference to the record. In fact, the record gives no hint as to the reasons for husband's failure to obtain a ruling on the motion; nor does it contain any facts establishing that wife reasonably believed such failure constituted a waiver of section 4337. Thus, wife has not met her burden of establishing estoppel or waiver. (See *In re Marriage of Fell* (1997) 55 Cal.App.4th 1058, 1065 [64 Cal.Rptr.2d 522] [party claiming waiver of statutory rights must prove it by clear and convincing evidence].)

Indeed, husband may well have permitted his motion to go off calendar because it was unnecessary: Even without a provision specifically terminating spousal support on wife's remarriage, there is nothing in the stipulated judgment that reasonably can be said to constitute a written waiver of section 4337. (See *Glasser, supra,* 181 Cal.App.3d at p. 151.) Statutory provisions terminating spousal support on remarriage are self-executing and are automatically included in support judgments unless specifically waived by the parties. Therefore, no court action is required to terminate support upon wife's remarriage. (*Stucker v. Katz* (1949) 92 Cal.App.2d 843, 844 [207 P.2d 879].) Because there was no such waiver in the stipulated judgment, there was nothing for husband to correct. Neither the filing of the 1997 motion nor its removal from the court's calendar had any effect on the applicability of section 4337 to the support order.

### 4. *The Trial Court Erred in Relying on In re Marriage of Nicolaides*

The order denying husband's application to terminate spousal support states: "This court finds that the agreement is a fully integrated agreement; that the omission of the usual spousal support language about termination on remarriage is significant and not a mere oversight; see [*In re*] *Marriage of Nicolaides* (1974) 39 Cal.App.[3d] 192 [114 Cal.Rptr. 56] [(hereafter *Nicolaides*)]. The parties bargained for the agreement and it should be upheld." Husband contends this was error because the rationale underlying the decision in *Nicolaides* has been eliminated by statue, as explained in *Glasser, supra,* 181 Cal.App.3d 149. We agree.

In *Nicolaides, supra,* 39 Cal.App.3d 192, the parties entered into an "integrated marital settlement agreement" providing for spousal support payments for a period of five years. The agreement contained no provision for termination of support on the death or remarriage of either party. (*Id.* at p. 196.) Unbeknownst to the wife, the husband obtained an interlocutory judgment of divorce providing for spousal support for the agreed-upon period " '*unless terminated at an earlier time by death or remarriage . . . .*' " (*Id.* at p. 197.) The wife remarried and sought to amend the judgment to

conform to the settlement agreement. (*Ibid.*) The husband argued that "even if the provision for early termination of payments had not been added to the interlocutory decree his obligation to make support payments automatically terminated by operation of law upon wife's remarriage" (*id.* at p. 200) pursuant to Civil Code section 139, an earlier version of what is now Family Code section 4337.[3]

The Court of Appeal held "[b]ecause the instant agreement expressly states that its purpose is to make an *integrated agreement* to effect a final and complete settlement of property and support rights, that except as therein provided each party releases the other from all claims for support and maintenance, that the parties intend to settle all aspects of their marital rights and waive their right to modify the agreement, and because it is expressly made binding on the heirs and representatives of the parties, we conclude that the bargain for support and property division was inseparable and integrated." (*Nicolaides, supra,* 39 Cal.App.3d at p. 200.) Because the agreement was integrated, the Court of Appeal reviewed the agreement as a whole and concluded " 'it was the definite intention of the parties that the payments . . . should continue for the full 128 months agreed upon, no matter what happened.' " (*Id.* at p. 202.) Therefore, "the trial court was not free to add a qualifying term to the provisions for support." (*Id.* at p. 200.)

In *Glasser, supra,* 181 Cal.App.3d 149, Division Five of this district recognized that *Nicolaides, supra,* 39 Cal.App.3d 192, no longer correctly states the law because "[t]he import of integrated agreements has been eliminated by the Legislature" in former Civil Code 4811, subdivision (b), continued without substantive change as Family Code section 3590. Section 3590 provides, in part, "The provisions of an agreement for support of either party shall be deemed to be separate and severable from the provisions of the agreement relating to property." In light of this statute, "[t]he analysis followed in . . . *Nicolaides* in which the agreement is scrutinized to find intent that the spousal support was part of the consideration for the transfer of property, is no longer appropriate to answer the question of whether the parties 'otherwise agreed' under [section 4337], preventing termination of support due to remarriage." (*Glasser, supra,* 181 Cal.App.3d at p. 152.) Accordingly, the trial court erred in applying the *Nicolaides* "integrated agreement" analysis to find an implied waiver of section 4337.

---

[3]In 1970, Civil Code section 139 was repealed and reenacted as Civil Code section 4801, subdivision (b). It was subsequently repealed and reenacted without substantial change as Family Code section 4337.

### 5. A List of Terminating Factors Not Including Remarriage of the Supported Spouse Does Not Waive the Statutory Termination of Support Upon Such Remarriage

Finally, wife argues that *Glasser, supra,* 181 Cal.App.3d 149, does not apply when the parties' agreement contains a list of terminating factors not including remarriage.[4] This argument, however, calling to mind the venerable maxim *expressio unius est exclusio alterius,* is contrary to the express language of section 4337.[5] If the parties wish to make a written agreement to waive the remarriage provision of section 4337, they must at a minimum expressly state that the supported spouse's remarriage will not terminate spousal support.

The stipulated judgment in this case does not include the word "remarriage" and does not mention section 4337. It does not state that terminating events it does include (death or the date of March 1, 2003) are the *only* events that can terminate spousal support, nor does it state spousal support is "non-terminable," as opposed to "non-modifiable." Accordingly, the stipulated judgment cannot possibly satisfy wife's burden of proving, by clear and convincing evidence, a written agreement to waive the supporting spouse's statutory right to cease spousal support upon remarriage of the supported spouse. (See *In re Marriage of Fell, supra,* 55 Cal.App.4th at p. 1065 [enforcement of statutory rights is favored and doubtful cases should be decided against waiver].)

### DISPOSITION

The February 23, 2001 order denying husband's application for an order terminating spousal support and awarding attorney fees to wife is reversed. The matter is remanded to the trial court with directions to find husband's spousal support obligation terminated by operation of law on March 24, 2000, to order wife to reimburse husband for spousal support payments made after that date, and to order wife to reimburse husband for payments of

---

[4]Wife cites *In re Marriage of Bennett* (1983) 144 Cal.App.3d 1022 [193 Cal.Rptr. 113] in support of this argument. We agree with *Glasser, supra,* 181 Cal.App.3d 149, that *Bennett* applies only in the limited situation of a former husband seeking to end his support obligations by "circumventing the settlement agreement" "through narrow definitions of the terms 'modification' and 'termination,' " rather than in situations involving the "remarriage" provision of section 4337. (*Glasser,* at pp. 152-153.)

[5]Indeed, the rule that expression of one thing excludes all others supports our decision when applied to section 4337: By expressly stating the parties may waive the statute's provisions by "written agreement," the Legislature necessarily precluded the alternate forms of waiver urged by wife in this case.

attorney fees pursuant to the February 23, 2001 order.[6] Wife's request for attorney fees on appeal is denied. The parties shall bear their own costs on appeal.

Johnson, Acting P. J., and Woods, J., concurred.

---

[6]The trial court, of course, retains discretion to order the reimbursement payments to be spread over a reasonable period of time.