Filed 3/11/19

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| In re the Marriage of CRAIG and CYNTHIA MARTIN. | |
| CRAIG MARTIN, <br><br> Respondent, <br><br> v. <br><br> CYNTHIA MARTIN, <br><br> Appellant. | E069481 <br><br> (Super.Ct.No. FAMSS1303741) <br><br> OPINION |


APPEAL from the Superior Court of San Bernardino County. Deborah A. Daniel, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Reversed.

Thomas E. Shinton for Appellant.

Lori Smith; Holstrom, Block & Parke and Ronald B. Funk for Respondent.

Upon ending their marriage, respondent Craig Martin (husband) agreed to pay appellant Cynthia Martin (wife) spousal support for a period of four years. After discovering that wife had remarried, husband stopped paying spousal support and

1

requested reimbursement of the total amount he had paid since her remarriage. The trial

court granted husband's request and entered an order requiring wife to repay $27,000,

plus $2,700 in attorney fees. Wife challenges the postjudgment order arguing that

husband's spousal support obligation did not terminate by operation of law upon her

remarriage because the parties had agreed in writing that Family Code section 4337[1]

would not apply. We agree with wife and reverse the order of the trial court.

## I. PROCEDURAL BACKGROUND AND FACTS

Husband and wife married on January 31, 2004, and separated on February 1,

2013. Six months later, husband petitioned to dissolve their marriage, and on December

2, 2013, a judgment was filed using the Judicial Council of California form FL-180 and a

seven-page attachment (form SB-12035),[2] which set forth the court's orders respecting

the parties' agreement. According to form SB-12035, husband was required to pay

spousal support in the sum of $1,000 a month, commencing on October 1, 2013 and

continuing until August 1, 2017. The parties agreed that spousal support shall *not*

"terminate upon the death of either party or the remarriage of the supported party, or

further order of the court, whichever occurs first" when they *did not* check the box next

---

[1] All further statutory references are to the Family Code unless otherwise
indicated.

[2] See appendix A, *post*, at pages 13-19, Superior Court of San Bernardino County
local form SB-12035 (AGREEMENT FOR JUDGMENT—NO CHILDREN) (form SB-
12035).

2

to this requirement.[3] The parties executed the necessary paperwork without the assistance of counsel.

On March 7, 2017, husband filed a postjudgment request for reimbursement of $27,000 in spousal support paid to wife after her remarriage in November 2014. A hearing on husband's request was held on August 18, 2017. Both parties were sworn in. Wife testified as to her understanding that she would receive spousal support for a specific period, from October 1, 2013 until August 1, 2017, and that husband would keep the home and his retirement ("CalSTRS" and "CalPERS"). When asked if they had "used the spousal support as a form of property equalization," she replied, "Pretty much." She explained that the period of four years was chosen because "when we met with the man who did the paperwork, that's what he said, that I would receive the money for half the years of the time that we were married." Wife's testimony was not contradicted because husband did not testify.

At the conclusion of the hearing, the trial court granted husband's request based on its finding that the "language in the judgment [failed to meet] the requirements of the

---

[3] Form SB-12035, which was signed by both husband and wife, reads in part:
"**3.     SPOUSAL SUPPORT**  [¶] . . . [¶]
"☒     **SPOUSAL SUPPORT PAYMENTS.**  ☒Petitioner ☐Respondent shall pay spousal support to the other Party the sum of $_1,000.00_ per month,
    "☒due one-half on the first and one-half on the fifteenth day of each month
    "☐due on the first of the month
    "☐due on the _____ day of each month
    "commencing ___10/1/13___ and continuing until ___8/1/17___. ☐Spousal support shall terminate upon the death of either party or the remarriage of the supported party, or further order of the court, whichever occurs first."

published case law, which require explicit waiver of the automatic or statutory termination by operation of law upon the death of either party or the party receiving support, remarriage." The court's order, in relevant part, provides: "Spousal Support was terminated by operation of law by the remarriage of [wife] on 11/27/14. Effective 12/1/14, no Spousal Support was due. Court orders [wife] to pay [husband] the overpaid amount of $27,000.00 within 90 days. Court order[s] [wife] to pay [husband] the amount of $2,700.00 for Attorney Fees as sanction . . . at a rate of $100.00 per month commencing on 12/1/2017 . . . ."[4]

## II. DISCUSSION

Wife contends the trial court erred in finding that husband did not circumscribe the requirements of section 4337 via the execution of form SB-12035. We agree.

*A.    The Standard of Review.*

"This case requires us to construe section 4337 as it applies to the facts of this case. '[C]onstruction of a statute and its applicability to a given situation are matters of law to be determined by the court.' [Citations.]" (*In re Marriage of Thornton* (2002) 95 Cal.App.4th 251, 253-254 (*Thornton*).)

---

[4] Husband contends that the record on appeal omits documents and is thus inadequate to allow review of the trial court's judgment. We disagree. While the omitted documents may provide additional information, the record before this court is sufficient to evaluate the controlling legal issue.

4

B.      *Spousal Support Terminates upon the Supported Spouse's Remarriage*

*Absent a Written Agreement to the Contrary.*

Section 4337 provides:  "Except as otherwise agreed by the parties in writing, the obligation of a party under an order for the support of the other party terminates upon the death of either party or the remarriage of the other party."  Although a written agreement between the parties is required to waive the provision of section 4337, "[n]o particular words are required.  [Citation.]  On the other hand, silence will not do.  [Citation.]" (*In re Marriage of Glasser* (1986) 181 Cal.App.3d 149, 151.)

C.      *The Parties May Use Forms Adopted or Approved by the Judicial Council*

*or Local Court Forms to Set Out the Terms of Their Marital Settlement Agreement.*

"Practice and procedure in Family Code proceedings are governed largely by Judicial Council 'Family Rules,' adopted as California Rules of Court (Title 5, Division 1, [Rule] 5.2 et seq.)."  (Hogoboom & King, Cal. Practice Guide:  Family Law (The Rutter Group 2018) ¶ 3:200, p. 3-80; see Fam. Code, § 211 ["Notwithstanding any other provision of law, the Judicial Council may provide by rule for the practice and procedure in proceedings under this code."].)  The rules and judicial forms adopted or approved by the Judicial Council for use in Family Code proceedings supersede conflicting rules and statutes.  (See Fam. Code, § 211; Cal. Rules of Court, rules 5.2(d), 5.7(a).)  Further, local courts may "adopt local rules and forms regarding family law actions and proceedings

5

that are not in conflict with or inconsistent with California law or the California Rules of Court." (Cal. Rules of Court, rule 5.4.)[5]

Here, the parties used form SB-12035, which is modeled after form FL-343, approved by the Judicial Council for optional use.[6] (Cal. Rules of Court, rule 5.4.)

D.     *Husband Waived Section 4337 by Failing to Check the Box on Form SB-12035.*

Form SB-12035 addresses the termination of spousal support obligation by operation of law. In section 3, there is a box for the parties to check next to the following sentence: "Spousal support shall terminate upon the death of either party or the remarriage of the supported party, or further order of the court, whichever occurs first." (See appen. A.) Similarly, on form FL-343, in section 6b, there is a box for the parties to check next to the following sentences: "Support must be paid by check, money order, or cash. The support payor's obligation to pay support will terminate on the death of either party, remarriage, or registration of a new domestic partnership of the support payee." (See appen. B.) By failing to check the box on form SB-12035, in section 3, husband

---

[5] The California Courts Web site provides information for self-represented parties in family law actions where the respondent spouse does not file a response, and the parties are in agreement. The Web site notes that some courts require the use of local court forms, directing the parties to consult their local court's clerk, Web site, family law facilitator, or self-help center as to what local court forms must be completed. (See "Divorce or Separation," "Default Case with Written Agreement" information at <http://www.courts.ca.gov/8410.htm> [as of Mar. 11, 2019].)

[6] See appendix B, *post*, at pages 20-21, Judicial Council of California form FL-343 (SPOUSAL, PARTNER, OR FAMILY SUPPORT ORDER ATTACHMENT) (form FL-343).

agreed that wife's remarriage would not affect his obligation to pay spousal support to her.  The trial court found otherwise, concluding that husband's obligation to pay such support terminated by operation of law (§ 4337) upon wife's remarriage.  (*Thornton*, *supra*, 95 Cal.App.4th at p. 254.)

We find the trial court's reliance on *Thornton* to be misplaced.  In *Thornton*, the stipulated judgment dissolving the marriage required husband to pay $400 a month in spousal support, "commencing May 15, 1997, and continuing until further Order of the Court, death of either party, or for a period until March 1, 2003, whichever first occurs.  Said spousal support shall be non-modifiable." (*Thornton*, *supra*, 95 Cal.App.4th at p. 253.)  Two days after judgment was entered, husband moved to stay entry of judgment based on the "omission of wife's remarriage as an event terminating spousal support."  (*Ibid*.)  No one appeared at the hearing, and the motion was taken off calendar.  (*Ibid*.)  Later, after wife remarried, husband moved unsuccessfully to terminate spousal support.  (*Ibid.*)  The Court of Appeal reversed on the ground the parties failed to expressly waive the requirements of section 4337.  (*Thornton*, at pp. 254 ["there was no express waiver"], 257 ["If the parties wish to make a written agreement to waive the remarriage provision of section 4337, they must at a minimum expressly state that the supported spouse's remarriage will not terminate spousal support."].)

However, the *Thornton* court's judicially crafted requirement that the parties must "expressly state that the supported spouse's remarriage will not terminate spousal support" (*Thornton*, *supra*, 95 Cal.App.4th at p. 257) in order to waive the remarriage provision of section 4337 was discredited in *In re Marriage of Cesnalis* (2003)

7

106 Cal.App.4th 1267, 1275-1276 (*Cesnalis*). In *Cesnalis*, the first draft of a stipulated judgment provided for the payment of spousal support until "the remarriage of Wife." (*Id*. at p. 1270.) Based on wife's demand, this language was removed. (*Id*. at pp. 1270-1271.) Following wife's remarriage, husband moved unsuccessfully to terminate spousal support. (*Id*. at p. 1271.) The Court of Appeal affirmed, explaining as follows: "No particular words are required to waive section 4337 and make spousal support continue upon remarriage, but silence will not do. [Citations.] There must be a written agreement on the issue or the subject. [Citations.] [¶] Section 4337's remarriage termination is not waived simply because the written agreement fails to include remarriage among the terminating events that are expressly mentioned. [Citation.] [¶] Nor is section 4337 overcome if the written agreement simply makes the spousal support provision 'nonmodifiable' in general. [Citations.] This is because 'termination' and 'modification' are distinct concepts describing different ways to alter a support obligation. [Citations.] [¶] *Thornton* provides that a written agreement to waive section 4337's terminating provisions must be 'specific and express.' [Citation.] Nevertheless, as noted, no particular words are required, and extrinsic evidence is admissible to resolve whether a written agreement has waived the section 4337 remarriage termination provision. [Citations.] Before such extrinsic evidence is properly admitted, however, there must be language in the written agreement reasonably susceptible to interpretation as a declaration of an intent that support continue beyond remarriage. [Citations.]" (*Cesnalis*, at p. 1272.)

The *Cesnalis* court questioned the *Thornton* court's statement that "'[i]f the parties wish to make a written agreement to waive the remarriage provision of section 4337, *they must at a minimum expressly state that the supported spouse's remarriage will not terminate spousal support.*'" (*Cesnalis*, *supra*, 106 Cal.App.4th at p. 1275, quoting *Thornton*, *supra*, 95 Cal.App.4th at p. 257.) According to *Cesnalis*, "this statement goes beyond the requirements of section 4337. Taken literally, this statement would mean that particular words *are* required to waive section 4337, and that extrinsic evidence has no relevance in resolving whether a written agreement has waived the section 4337 remarriage provision. Section 4337 does not go so far as to require a written agreement *expressly stating* that the supported spouse's remarriage will not terminate spousal support. [Citation.] As evidenced by this case, as well as by other decisions . . . , parties can 'otherwise agree[] . . . in writing' to waive a section 4337 termination provision without such an express statement. [Citation.]" (*Cesnalis*, at p. 1276.) We find the *Cesnalis* court's analysis of section 4337 and *Thornton* applicable and persuasive.

Here, in setting forth their agreement regarding spousal support, the parties used form SB-12035, which required them to check a box if they wanted the section 4337 termination provision to apply. The trial court agreed that the form represented "an agreement between the parties." However, it found the argument that section 4337 does not apply "because there appears to be a check box and it wasn't checked" to be "a bit disingenuous." We disagree. Form SB-12035's check box provides a sufficient "writing" to represent the parties' agreement to waive section 4337. (*Cesnalis*, *supra*, 106 Cal.App.4th at p. 1276.)

9

Moreover, the contents of family law Judicial Council forms, or in this case a local court form that does not conflict with the Judicial Council forms, "are relevant when evaluating the rights and responsibilities of the parties [citations]." (*Faton v. Ahmedo* (2015) 236 Cal.App.4th 1160, 1170; see *In re Marriage of Kahn* (2013) 215 Cal.App.4th 1113, 1116-1119 [default judgment was void to the extent it awarded spouse more than requested because there was no declaration of property filed with the form petition]; *County of Lake v. Palla* (2001) 94 Cal.App.4th 418, 424-428 ["To the extent inclusion of additional information on the form complaint would improve the process, it is not for the trial court to make such changes to the form's requirements itself on an ad hoc basis. Any such changes must come from the Legislature."]; *In re Marriage of Sharples* (2014) 223 Cal.App.4th 160, 166-167 [discussing distinction between mandatory and optional forms]; *In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1169-1171 [mandatory standard forms require the checking of boxes, from a series provided, to indicate the relief requested, and thus the failure to check the child support box in a standard marital dissolution form petition precludes inclusion of child support in a default judgment].)

Applying *Cesnalis* to the facts in this case, we conclude that husband and wife expressed their agreement to waive the section 4337 termination provision by choosing *not* to check the applicable box on form SB-12035.[7] By holding that no particular words

---

[7] Also, by choosing not to check the applicable box on form SB-12035 regarding section 4337, the parties agreed that the trial court has *no jurisdiction* to terminate spousal support: "*Spousal support shall terminate upon* the death of either party or the remarriage of the supported party, or *further order of the court*, whichever occurs first." (Italics added.)

10

are required to waive section 4337, *Cesnalis* impliedly acknowledges the use of Judicial

Council forms, or local court forms, is sufficient to set forth the terms of the parties'

marital settlement agreement.  When using such forms, the parties check the boxes next

to the applicable terms expressly stated; section 4337 does not suggest that any greater

specificity is required.  Thus, the trial court erred in finding otherwise.

We conclude that as a matter of law, the spousal support order, agreed to by both

husband and wife via form SB-12035 attached to the judgment, is not subject to

termination by operation of law (§ 4337).[8]  In reaching this conclusion, it should be borne

in mind that forms SB-12035 and FL-343 leave a lot to be desired.  Although these forms

contain language that acknowledges section 4337's termination of spousal support by

operation of law, the parties must affirmatively "opt in" to have the statutory requirement

apply.  However, logic suggests that the parties should affirmatively "opt out" of the

statutory requirement in order to waive section 4337's application.  We urge the Judicial

Council of California and the local courts to revise their forms so that the parties must

specifically check a box to waive section 4337's application.

---

[8]  Having concluded that the spousal support order in form SB-12035 speaks for
itself, we need not consider the extrinsic evidence of the parties' intent.

11

## III.  DISPOSITION

The order is reversed.  Appellant is to recover costs on appeal.

CERTIFIED FOR PUBLICATION


McKINSTER
Acting P. J.

We concur:


CODRINGTON
J.


RAPHAEL
J.


12

*Appendix A*

| Petitioner: | Case Number: |
|---|---|
| Respondent: | |

## AGREEMENT FOR JUDGMENT – NO CHILDREN

1. The parties were married on ____/____/____ and separated on ____/____/____.

   ☐ This is the corrected date of marriage and/or separation. The Petition for

   Dissolution is hereby amended by interlineation to reflect the corrected date.

2. There are no minor children of this marriage.

3. **SPOUSAL SUPPORT**

☐ **WAIVER.** ☐Petitioner ☐Respondent freely, knowingly and intelligently waives spousal support forever. The Court's jurisdiction to award spousal support to that/those parties shall be terminated. The court shall have no jurisdiction to award spousal support, and therefore no support can be ordered regardless of future hardship. The Parties agree and the court finds that the Party/Parties waiving spousal support have considered the factors listed in Family Code Section 4320.

☐ **ZERO SUPPORT/RESERVED – LONG-TERM MARRIAGE.** Neither party shall receive spousal support from the other. The court reserves jurisdiction over this issue for the benefit of either party as this was a long-term marriage.

☐ **RESERVED.** The Court's jurisdiction to award spousal support to ☐Petitioner ☐Respondent is reserved for later determination upon Request for Order.

☐ **SPOUSAL SUPPORT PAYMENTS.** ☐ Petitioner ☐Respondent shall pay spousal support to the other Party the sum of $_____ per month,
   ☐ due one-half on the first and one-half on the fifteenth day of each month
   ☐ due on the first of the month
   ☐ due on the _____ day of each month

commencing _____ and continuing until _____. ☐ Spousal support shall terminate upon the death of either party or the remarriage of the supported party, or further order of the court, whichever occurs first.

**NOTICE:** It is the goal of this State that each party must make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating support.

13

## 4.   DIVISION OF COMMUNITY PROPERTY *(property acquired during the marriage)*

☐  There are no property issues before the Court and the Court shall terminate jurisdiction over property issues.

☐  All household items have been distributed between the parties

☐ except for the following: _____ .

☐  **COMMUNITY PROPERTY AWARDED TO PETITIONER SHALL BE AS FOLLOWS:**

Petitioner shall be awarded as his/her share of the community property the following:

| Item/Description: | Approximate Value: |
|---|---|
| | |
| | |
| | |
| | |
| | |

☐  **COMMUNITY PROPERTY AWARDED TO RESPONDENT SHALL BE AS FOLLOWS:**

Respondent shall be awarded as his/her share of community property the following:

| Item/Description: | Approximate Value: |
|---|---|
| | |
| | |
| | |
| | |
| | |

## 5.   DIVISION OF COMMUNITY OBLIGATIONS *(debts acquired during marriage)*

☐  There are no community debts subject to division by the court.

☐  **COMMUNITY DEBTS:**  Each Party shall pay any and all obligations awarded to him/her, including but not limited to the community property obligations secured by property awarded to that Party.  Scheduled debts, liabilities, and obligations shall be paid as follows:

☐ **DEBTS TO PETITIONER. Petitioner** shall pay and hold Respondent harmless from the following obligations:

| Creditor/Account No.:    (last 4 digits only) | Approximate Amount Owing: |
| --- | --- |
| | |
| | |
| | |
| | |
| | |

☐ Petitioner will assume all debts in Petitioner's name and will indemnify Respondent from any creditors regarding those items.

☐ **DEBTS TO RESPONDENT. Respondent** shall pay and hold Petitioner harmless from the following obligations:

| Creditor/Account No.:    (last 4 digits only) | Approximate Amount Owing: |
| --- | --- |
| | |
| | |
| | |
| | |
| | |

☐ Respondent will assume all debts in Respondent's name and will indemnify Petitioner from any creditors regarding those items.

The parties hereby acknowledge and the Court hereby finds that the distribution of debts in this stipulated judgment may not be binding on third party creditors. If the debtor party fails to pay an assigned debt and then the other party pays that debt, then an appropriate motion or Request for Order may be filed in this family law case as the Court shall retain jurisdiction over community property debts until fully paid.

## 6.   EQUALIZATION OF COMMUNITY PROPERTY/DEBTS

☐ ○Petitioner ○Respondent  shall pay to _____ the sum of $ _____ as an equalization payment.  The equalization payment shall be made by that party as follows:

_____

_____

This equalization payment has been bargained for by the parties with the intent that the division of the community estate be deemed an equal division. No further sums shall be due or payable by either party.

☐ The parties hereby acknowledge and the Court hereby finds that the distribution of community property and debts in this stipulated judgment is fair and equitable under all circumstances of the respective parties, and that the parties knowingly and intelligently waive an absolute equal division of the community assets and debts and waive any claim for offset or reimbursement as a result of this stipulation.

## 7. RETIREMENT ACCOUNTS

☐ Each party is awarded one-half of the community property interest in the retirement account(s) identified below:

☐ Pension ☐ Retirement ☐ Deferred Compensation ☐ IRA ☐ 401k ☐ _____
Financial Institution Information: _____

_____

☐ Pension ☐ Retirement ☐ Deferred Compensation ☐ IRA ☐ 401k ☐ _____
Financial Institution Information: _____

_____

*The parties shall divide the community property interest in the retirement account(s) as follows:*

◯ The parties shall divide their interest by way of Trustee to Trustee Transfer; or

◯ The parties shall divide their interest by way of Qualified Domestic Relations Order ("QDRO");

◯ The parties shall prepare a QDRO approved by the Plan Participant of said retirement plan; or

◯ The parties agree to utilize the services of _____, who is hereby appointed under Evidence Code §730 to prepare the QDRO. Each party shall cooperate in the completion of the QDRO. Each party shall pay one-half of the cost of the preparation of the QDRO. Both parties shall immediately contact _____ to initiate this process.

☐ Other Terms re: Retirement Accounts: _____
_____
_____
_____
_____

## 8. SEPARATE PROPERTY

☐ **SEPARATE PROPERTY OF PETITIONER**. The following shall be confirmed to Petitioner as his/her sole and separate property:

*DO NOT include property divided in the "Community Property" section*

| |
|---|
| |
| |
| |

☐ **SEPARATE PROPERTY OF RESPONDENT**. The following shall be confirmed to Respondent as his/ her sole and separate property:

*DO NOT include property divided in the "Community Property" section*

| |
|---|
| |
| |
| |

## 9. OTHER ORDERS

☐ Each of the parties shall pay his/her own fees, expenses of litigation and court costs, excepting those previously ordered.

☐ Restoration of Former Name: ◯ Petitioner ◯ Respondent requests restoration of the former name as follows: _____ .

☐ Both parties waive Statement of Decision and any right to appeal.

☐ Restraining orders have already been issued in this case and a copy of the personal conduct restraining order is attached to this Judgment.

☐ Additional orders _____

_____

_____

_____

_____

| Petitioner: | Case Number: |
|---|---|
| Respondent: | |

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Each of the parties shall execute forthwith all of the documents necessary to carry out the terms of this agreement.**

**Waiver of Final Declaration of Disclosure by both parties:** The parties agree to waive the requirements of Family Code section 2105(a) concerning the final declaration of disclosure: By signing this Waiver provision, each party represents that there has been full compliance with Family Code section 2104, and the preliminary declarations of disclosure have been completed and exchanged. The parties have completed and exchanged a current *Income and Expense Declaration* (form FL-150) that includes all material facts and information on each party's earnings, accumulations, and expenses. The parties have fully complied with Family Law section 2102 and have fully augmented the preliminary declarations of disclosure, including disclosure of all material facts and information on (1) the characterization of all assets and liabilities, (2) the valuation of all assets that are community property or in which the community has an interest, and (3) the amounts of all community debts and obligations.

Each of the parties enters into this waiver knowingly, intelligently, and voluntarily. Each party understands that this waiver does not limit the legal disclosure obligations of the parties but rather is a statement under penalty of perjury that those obligations have been fulfilled. The parties also understand that if they do not comply with these obligations, the court will set aside the judgment.

The petitioner and respondent declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

X_____  _____  X_____  _____
Petitioner                                        Date              Respondent                                      Date

| Petitioner: | Case Number: |
|---|---|
| Respondent: | |

## NOTICE AND OPPORTUNITY TO BE HEARD
The responding party was given notice and an opportunity to be heard as provided by the laws of the State of California.

## PENALTIES FOR VIOLATION OF ORDERS
If either party violates orders contained herein, party may be subject to civil or criminal penalties, or both.

**The foregoing is agreed to by:**

X_____    _____    X_____    _____
Petitioner                                        Date                  Respondent                                    Date

**Approved as conforming to the agreement of the parties:**

_____         _____
(Petitioner's Attorney, if any)                          (Respondent's Attorney, if any)

Settlement Officer

_____         Date: _____

**IT IS SO ORDERED:**

Dated: _____                          _____
                                          **JUDGE OF THE SUPERIOR COURT**

*Appendix B*

| PETITIONER/PLAINTIFF: | CASE NUMBER: |
| RESPONDENT/DEFENDANT: | |
| OTHER PARENT: | |

### SPOUSAL, PARTNER, OR FAMILY SUPPORT ORDER ATTACHMENT

TO ☐ *Findings and Order After Hearing* (form FL-340)  ☐ *Judgment* (form FL-180)
☐ *Restraining Order After Hearing (CLETS-OAH)* (form DV-130)  ☐ Other *(specify):*
☐ **Stipulation of Parties**

### THE COURT FINDS

1. **Net income.** The parties' monthly income and deductions are as follows *(complete a, b, or both )*:

| | Total gross monthly income | Total monthly deductions | Total hardship deductions | Net monthly disposable income |
|---|---|---|---|---|
| a. Petitioner: ☐ receiving TANF/CalWORKS | $ | $ | $ | $ |
| b. Respondent: ☐ receiving TANF/CalWORKS | $ | $ | $ | $ |

2. ☐ A printout of a computer calculation of the parties' financial circumstances is attached for all required items not filled out above *(for temporary support only)*.

3. **Judgment for spousal or partner support**
   a. ☐ Modifies a judgment or order entered on *(date)*:
   b. ☐ The parties were married for *(specify numbers)*: _____ years _____ months.
   c. ☐ The parties were registered as domestic partners or the equivalent for *(specify numbers)*:_____ years _____ months.
   d. ☐ The parties are both self-supporting, as shown on the *Declaration for Default or Uncontested Dissolution or Legal Separation* (form FL-170).
   e. ☐ The marital standard of living was *(describe)*:

   ☐ See Attachment 3d.

### THE COURT ORDERS

4. ☐ The issue of spousal or partner support for the ☐ petitioner ☐ respondent is reserved for a later determination.

5. ☐ The court terminates jurisdiction over the issue of spousal or partner support for the ☐ petitioner ☐ respondent.

6. a. The ☐ petitioner ☐ respondent must pay to the ☐ petitioner ☐ respondent
   as ☐ temporary ☐ spousal support ☐ family support ☐ partner support
   $ _____ per month, beginning *(date)*: _____ , payable through *(specify end date)*:

   ☐ payable on the *(specify)*: _____ day of each month.
   ☐ Other *(specify)*:

   b. ☐ Support must be paid by check, money order, or cash. The support payor's obligation to pay support will terminate on the death of either party, remarriage, or registration of a new domestic partnership of the support payee.

   c. ☐ An earnings assignment for the foregoing support will issue. (**Note:** The payor of spousal, family, or partner support is responsible for the payment of support directly to the recipient until support payments are deducted from the payor's earnings, and for any support not paid by the assignment.)

   d. ☐ Service of the earnings assignment is stayed provided the payor is not more than *(specify number)*: _____ days late in the payment of spousal, family, or partner support.

**THIS IS A COURT ORDER.**

Form Approved for Optional Use
Judicial Council of California
FL-343 [Rev. July 1, 2012]

**SPOUSAL, PARTNER, OR FAMILY SUPPORT ORDER ATTACHMENT**
(Family Law)

Family Code, §§ 150, 299, 3651, 3653, 3654, 4320, 4330, 4337
www.courts.ca.gov

20

| PETITIONER/PLAINTIFF: | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: | |
| OTHER PARENT: | |

7. ☐ The ☐ petitioner ☐ respondent should make reasonable efforts to assist in providing for his or her support needs.

8. ☐ The parties must promptly inform each other of any change of employment, including the employer's name, address, and telephone number.

9. ☐ This order is for family support. Both parties must complete and file with the court a *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this order. The parents must notify the court of any change of information submitted within 10 days of the change by filing an updated form. A *Notice of Rights and Responsibilities (Health-Care Costs and Reimbursement Procedures)* and *Information Sheet on Changing a Child Support Order* (form FL-192) is attached.

10. ☐ Notice: If this form is attached to *Restraining Order After Hearing (CLETS-OAH) (Order of Protection)* (form DV-130), the orders issued on this form (FL-343) do not expire upon termination of the restraining orders issued on form DV-130.

11. ☐ Other orders (*specify*):

NOTICE: Any party required to pay support must pay interest on overdue amounts at the "legal" rate, which is currently 10 percent.

**THIS IS A COURT ORDER.**

FL-343 [Rev. July 1, 2012]  **SPOUSAL, PARTNER, OR FAMILY SUPPORT ORDER ATTACHMENT** Page 2 of 2
(Family Law)